**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

QUICKMED DIAGNOSTIC, INC.,

Plaintiff,

v.

CIGNA HEALTH CORPORATION, *et al.*,

Defendants.

Case No. 25-cv-3114-BAS-JAC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 14)**

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint. (ECF No. 14.) The motion is fully briefed. (ECF Nos. 14, 15, 16.) The Court finds Defendants' motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

This case is one of related cases brought by Plaintiff against private insurance companies for underpaid or unpaid claims related to COVID-19 diagnostic testing services.[1] On August 25, 2026, this Court issued an Order granting in part and denying in

[1] The related cases before this Court are: *Quickmed Diagnostic, Inc. v. United Healthcare Servs., Inc.*, No. 25-cv-03132-BAS-JAC (S.D. Cal. filed Nov. 12, 2025); *Quickmed Diagnostic, Inc. v. Aetna Health and Life Ins. Co.*, No. 25-cv-03131-BAS-JAC (S.D. Cal. filed Nov. 12, 2025); and *Quickmed Diagnostic, Inc. v. Anthem Blue Cross Life and Health Ins. Co.*, No. 25-cv-02902-BAS-JAC (S.D. Cal. filed Oct. 27, 2025).

part Defendants' motion to dismiss in the lead case, *Quickmed Diagnostic, Inc. v. Anthem Blue Cross Life and Health Insurance Company*, No. 25-cv-02902-BAS-JAC (S.D. Cal. filed Oct. 27, 2025) ("Dismissal Order").

Having reviewed the briefing in the present case, the Court adopts the same rationale as that outlined in the Dismissal Order. The Court briefly addresses a few additional arguments raised in the briefing.

First, Defendants argue that Plaintiff failed to sufficiently identify the plans and/or claims at issue. However, Plaintiff's allegations are adequate. Plaintiff noted the class of claimants within a specified period. *See, e.g.*, *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co*., No. 10-CV-04911-EJD, 2011 WL 2748724, at *4 (N.D. Cal. July 13, 2011) ("The name of each individual beneficiary is not necessary at the pleading stages, only the description of the class of beneficiaries is required." (citation modified)). The Court is unconvinced Defendants lack fair notice.

Second, Defendants contend that the complaint's assignment clause does not mention Plaintiff Quickmed by name. (Compl. ¶ 65.) Yet, the assignment clause embraces Sameday Testing's partner laboratories, and Plaintiff alleges it was a partner laboratory. (Compl. ¶¶ 34, 64.) *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 99 F. Supp. 3d 1110, 1130 (C.D. Cal. 2015) ("While there are certainly areas for more definiteness, the Court rules that the alleged assignments are sufficiently definite to survive a motion to dismiss on the issue of standing[.]"). Plaintiff sufficiently alleged assignment.

Last, Plaintiff's opposition brief argues that because Defendants did not discuss the Medicare-related allegations, Defendants waived "any potential challenge to those claims." (Cigna Opp'n 15 at n.1, ECF No. 15.) But Medicare exhaustion is a jurisdictional issue. "When a federal court lacks subject-matter jurisdiction, the court must dismiss the complaint, sua sponte if necessary[.]" *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation modified). The Court therefore protects its jurisdiction sua sponte.

Additionally, Plaintiff has been heard on this issue. The Court has read Plaintiff's Medicare-related arguments in the briefs of the three related cases before the Court; and

the Court rejects the arguments. And Plaintiff does not add anything new to this complaint regarding exhaustion. Relying on the pleadings, without allegations of exhaustion or another defense, the Court lacks subject matter jurisdiction. *See Zhang v. UnitedHealthcare*, No. CV-20-02064-PHX-GMS, 2022 WL 17537985, at *3 (D. Ariz. Dec. 8, 2022) ("Because Plaintiff must exhaust administrative remedies before this Court can have jurisdiction over a case arising under the Medicare Act, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction."). Plaintiff has leave to reallege its claims.

Accordingly, upon review, the Court **INCORPORATES** and **ADOPTS** the Dismissal Order into this case.

Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Specifically:

- The Court **DENIES** Defendants' motion to dismiss the claim for benefits under 29 U.S.C. § 1132(a)(1)(B);
- The Court **GRANTS** with leave to amend Defendants' motion to dismiss the claim for breach of fiduciary duty under § 502(a)(2);
- The Court **GRANTS** without leave to amend Defendants' motion to dismiss the claim for violation of the FFCRA and CARES Act;
- The Court **GRANTS** with leave to amend Defendants' motion to dismiss for lack of jurisdiction Plaintiff's Medicare claims, given Plaintiff's failure to exhaust;
- The Court **GRANTS** with leave to amend Defendants' motion to dismiss the state law claims, given ERISA's preemption provision; and
- The Court **DENIES** Defendants' motion to dismiss the request for declaratory relief.

Plaintiff does not have leave to add new claims or parties without the Court's permission. Plaintiff shall file any amended complaint on or before **September 18, 2026**. If Plaintiff declines to file an amended complaint by that deadline, then Defendants shall file an answer to the complaint by **October 2, 2026**.

**IT IS SO ORDERED.**

**DATED: August 26, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**